# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50902

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2019

Lyle W. Cayce
Clerk

MICHAEL PINEDO,

Plaintiff–Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Connally Unit,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 5:18-CV-577

Before SMITH, COSTA, and HO, Circuit Judges.
PER CURIAM:[*]

Michael Pinedo, Texas prisoner #2055727, seeks to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, for failure to state a claim, because the defendants were entitled to qualified immunity and immunity under the Eleventh Amendment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and in the alternative, for failure to exhaust administrative remedies. By moving to proceed IFP, Pinedo is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Pinedo's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Pinedo fails to address any of the district court's conclusions and, otherwise, makes only conclusional statements in support of his argument that the district court erred in dismissing his complaint. *Pro se* briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if he had not appealed. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Pinedo has failed to challenge any factual or legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, the IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. The district court's dismissal of Pinedo's complaint and our dismissal of this appeal count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Pinedo is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.